UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM FARRINGTON,<br><br>                          *Plaintiff*,<br><br>- against -<br><br>K-RADIO LLC,<br><br>                          *Defendant*. | Case No.<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff William Farrington ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant K-Radio LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq.*; and for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202(b).

2. Plaintiff created an original photograph of New York Attorney General Letitia James (the "*Photograph*") in which he owns the rights and licenses for various uses including online and print publications.

3. Defendant is a sophisticated media company which owns and operates a website at URL: www.am1660.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of United States copyright law.

## PARTIES

5. Plaintiff William Farrington is an individual who is a citizen of the State of New

York and maintains a domicile at 160 Parkside Avenue, Apt. 6A, Brooklyn, New York 11226 in Kings County.

6. Upon information and belief, defendant K-Radio LLC is a New York limited liability company with a principal place of business at 209-35 Northern Boulevard, Bayside, New York 11361 in Queens County and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it is organized under the laws of the State of New York and maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building his photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On or about September 23, 2019, Plaintiff authored the Photograph depicting

New York Attorney General Leticia James at a briefing. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16. Plaintiff then licensed the Photograph to the New York Post for purposes of commercial distribution. On or about September 23, 2019, the Photograph was published in an on-line article by the New York Post, with credit given to Plaintiff, at URL: https://nypost.com/2019/09/23/letitia-james-orders-companies-to-stop-selling-ghost-guns/ (the "NYP Article"). A true and correct copy of the NYP Article is attached hereto as <u>Exhibit 2</u>.

17. On or about October 2, 2019, the Photograph was registered by the USCO under Registration No. VA 2-172-501.

B. **<u>Defendant's Infringing Activity</u>**

18. Defendant is the registered owner of the Website and is responsible for its content.

19. Defendant is the operator of the Website and is responsible for its content.

20. The Website is a popular and lucrative commercial enterprise.

21. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

22. On or about April 20, 2020, Defendant actually copied and displayed the Photograph on the Website at URL: https://www.am1660.com/kradio/board.php?bo_table=loca&wr_id=21880&sca=Local%20News&page=141 (the "Infringing Article"). A true and correct copy of a screengrab of the Infringing Article is attached hereto as <u>Exhibit 3</u>.

23. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website.

24. Defendant distributed the Infringing Article without any credit provided to

Plaintiff.

25. Plaintiff actually discovered Defendant's infringing conduct and violation of the DMCA by first observing the Photograph on the Website on or about April 11, 2022.

26. Upon information and belief, the Photograph was copied and displayed on the Website without license or permission, thereby infringing on Plaintiff's copyright in and to the Photograph,

27. The Infringing Article includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

28. The Infringing Article contains a Photograph that is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to the Photograph.

30. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents (the "*Employees*").

31. Upon information and belief, at all material times, the Employees were acting within the course and scope of their employment when they posted the Infringing Article.

32. Upon information and belief, at all material times, the Employees were acting within the course and scope of their agency when they posted the Infringing Article.

33. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

34. Upon information and belief, Defendant is not registered as an Internet Service Provider with the USCO pursuant to 17 U.S.C. §512.

35. Upon information and belief, the Infringing Article was not posted at the

direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. Upon information and belief, Defendant engaged in the infringing conduct knowingly and in violation of applicable United States copyright laws.

37. Upon information and belief, at all material times, Defendant had the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its Website.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringing Article.

40. Upon information and belief, the Infringing Article increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Photograph harmed the actual market for the Photograph.

44. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

47. The Photograph is an original, creative work in which Plaintiff owns valid copyright interests.

48. The Photograph is properly registered with the USCO and Plaintiff has complied

with all statutory formalities under the Copyright Act and under regulations published by the USCO.

49. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

50. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or distribution.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff, thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement.

53. Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it in the infringing article on the Website.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Integrity of Copyright Management Information 17 U.S.C. § 1202(b))*

57. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

58. The Photograph as originally published in the New York Post contained a "gutter credit" attributing Plaintiff "William Farrington" as the author of the work. Such credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c).

59. Defendant distributed the Infringing Article without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph on the Website.

60. Upon information and belief, Defendant's distribution of its Infringing Article containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

61. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal an infringement.

62. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

63. Defendant's conduct violates 17 U.S.C. § 1202(b).

64. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

65. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

66. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

67. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award appropriate damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interests in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven at trial or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C.

    § 1202(b);

d.   for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f.   for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.   for pre judgment interest as permitted by law; and

h.   for any other relief the Court deems just and proper.

DATED: October 10, 2022

            **SANDERS LAW GROUP**

            By:   */s/ Craig B. Sanders*
            Craig B. Sanders, Esq.
            333 Earle Ovington Blvd, Suite 402
            Uniondale, NY 11553
            Tel: (516) 203-7600
            Email: csanders@sanderslaw.group
            File No.: 126215

            *Attorneys for Plaintiff*